UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-20804-CIV-MORENO

TIMOTHY PATRICK REARDON,

    Plaintiff,

v.

RICHARD E. STACEY, et al.,

    Defendants.

_____/

## ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE

**THIS MATTER** comes before the Court upon examination of Plaintiff's Complaint (DE #1), filed February 28, 2012.

The Court has reviewed the Complaint, the Application, and being otherwise fully advised in the premises, dismisses Plaintiff's Complaint and Application to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 for the following reasons.

Section 1915(e)(2) authorizes a court to dismiss an In Forma Pauperis Complaint if the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2). The United States Supreme Court has held that a Complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss claims under Section

1915(e)(2) where the claims rest on an indisputably meritless legal theory or are comprised of factual contentions that are clearly baseless.[1] *Id.* at 327. In *Denton v. Hernandez*, the Supreme Court held that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. 25, 33 (1992). Mindful of these principles, the Court is convinced that Plaintiff's Complaint fails to state a claim upon which relief can be granted, and therefore the Complaint must be dismissed.

*Pro se* Plaintiff, Timothy Patrick Reardon, alleges violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, et seq. He contends that Defendants "have participated in a scheme to defraud the Federal Government through Medicaid Fraud and Tax Fraud." (Complaint, DE #1, at 8). Even under the relaxed pleading standard afforded to *pro se* litigants, Plaintiff's Complaint fails to include facts or state a claim on which relief may be granted. *See Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005). The Court also notes that Plaintiff has previously filed in excess of twenty suits assigned to various other divisions of the Southern District of Florida. Many of the complaints filed by Plaintiff are virtually identical.

Upon careful consideration of the record and the Court being otherwise fully advised of the premises, it is hereby **ORDERED, ADJUDGED, and DECREED** that:

1. Plaintiff's Complaint (DE #1) be, and the same is hereby, **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915.

---

[1] The 1996 Amendments to 28 U.S.C. § 1915 re-designated former subsection (d) as (e). Pub. L. 104-134, 110 Stat. 1321.

2

2. Plaintiff's Application for Leave to Proceed in Forma Pauperis (DE #3) is **DENIED as moot.**

**DONE and ORDERED**, in Chambers at Miami, Florida, on this 22 day of March, 2012.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Copies Provided to:

**Plaintiff**

**Timothy Patrick Reardon**
50 Biscayne Blvd. #3703
Miami, FL 33132
PRO SE

3